## Norah Smith, Appellee, v. Royal League, Appellant.
### Gen. No. 17,019.

FRATERNAL BENEFIT SOCIETIES—*when death met because of violating criminal laws of state or engaging in unlawful undertaking.* Where the contract of insurance provides that recovery on the policy is barred if the insured meets his death while in the act of, or as a result of, violating the criminal laws of the state, or in consequence of engaging in an unlawful undertaking, no recovery may be had where the evidence shows that the insured without provocation struck a police officer a violent blow, that he pursued the officer who ran away to avoid him and that the officer fired when the insured was committing assault, or assault and battery, and inflicted the wound which caused death.

Appeal from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed February 11, 1913.

MANN & MILLER and ARTHUR J. DONOVAN, for appellant.

GALLAGHER & MESSNER, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

A judgment was entered in the Municipal Court of Chicago for $2,098 in an action brought by Norah Smith, appellee, against the defendant, Royal League, appellant, on a fraternal benefit certificate issued by the defendant to one Edward Smith, the husband of appellee.

The declaration filed consisted of six counts, the last four of which were subsequently withdrawn. Nine special pleas were filed to the first and second counts. The pleas alleged that the defendant was a fraternal beneficiary society, organized and doing business under the laws of Illinois; that the member, Edward Smith, signed an application in which he agreed to comply with and that his membership and all interests of the persons entitled to the benefits should be subject to the laws, rules and usages of the order then in force or which might thereafter be adopted; and that the same condition was expressed in his certificate. The pleas also alleged that before and at the time of the death of said Edward Smith, the following by-law was in full force and effect:

"Should any member die in consequence of engaging in a duel or by the hands of justice, or meet death while in the act of or as a result of violating the criminal laws of any state or municipality, or in consequence of his engaging in any unlawful or foolhardy undertaking, or if he shall die as the result of any wrongful act or acts on the part of his beneficiary, then all rights of his beneficiary, family, heirs and dependents, shall be thereby absolutely forfeited and terminated, and neither his beneficiary, family, heirs or dependents shall have any claim whatever upon this society," etc.

Replications were filed to these several pleas, traversing the allegations as to cause and manner of death.

Under the contract as pleaded and stipulated in the record, the only question of fact presented to the trial court for determination was, did Edward Smith meet his death while in the act of or as a result of violating the criminal laws of the state of Illinois, or in consequence of his engaging in an unlawful undertaking? The determination of this question of fact in the affirmative, as we think it must be upon the evidence, ends the case under the provision of the contract

quoted. Upon a careful review of the evidence, we are of the opinion that it proves by a clear preponderance that Edward Smith was guilty of committing an assault and battery upon the person of Mirtell B. Parker, a policeman, at the time he received the injury resulting in his death. The great weight of the evidence shows that one Quigley had either accidentally or intentionally driven his wagon over a barricade which had been placed across Curtis street where some asphalt pavement had been newly laid. Quigley was either stopped or arrested by Parker, the policeman. Parker was getting the names of witnesses and writing them in a book when Edward Smith forced his way through the crowd to where Quigley and the officer were standing, and interfered with the officer in his arrest of Quigley. Some words passed between the officer and Smith, and while the officer was standing there quietly, getting names of the witnesses and recording them in his book, Smith struck the officer a violent blow. There is some dispute in the evidence as to whether he fell to the ground or not as a result of the blow, but the officer endeavored to avoid Smith and ran south on Curtis street and around the corner west on Madison street. Smith pursued him with such speed that he was all the time within a very few feet behind the officer. Many of the witnesses say that Smith struck at the officer while he was pursuing him. Many testified that the officer was knocked down by another blow from Smith at a point about fifty feet west of Curtis street on Madison street, and that Smith went down on top of the officer, or alongside of him, and there was some scuffling while Smith and the officer were on the ground or sidewalk. The testimony of seven witnesses is to the effect that Smith struck and kicked the officer after he was down. The officer, while he was down, drew his gun and fired a shot at Smith. Many witnesses say that Smith fired the first shot while he was either on top of the officer,

or right over him, but all the evidence tends to establish the fact that when the officer fired the first shot Smith was still committing either an assault or an assault and battery upon the officer. The officer immediately fired a second shot, causing the wound or injury which resulted in Smith's death. These facts are supported by the overwhelming weight of the evidence produced on the trial. In our opinion, the evidence supports the defense set up in the plea, and there cannot be any recovery on the contract sued on.

It is unnecessary for us, holding this view of the evidence, to discuss the other assignments of errors and questions argued in the brief. The judgment of the court below is reversed.

*Reversed.*